Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

(March 12, 1927.)

WM. A. HEALY and FRANK S. HEALY, Doing Business at Portland, Oregon, Under the Firm Name and Style of HEALY BROS., Appellants, v. IDA HARGIS, E. M. HARGIS and ROBERT F. TAYLOR, Respondents.

[254 Pac. 796.]

BILLS AND NOTES — INDORSEMENT — FAILURE TO SUE WITHIN TIME — EFFECT.

Assignees of non-negotiable note, by failing to bring action to recover thereon until 60 days after instrument was due, released assignor from his liability as indorser.

Publisher's Note.
See 3 R. C. L. 1161.

See Bills and Notes, 8 C. J., sec. 667, p. 451, p. 79; sec. 1357, p. 1045, n. 90.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Raymond L. Givens, Judge.

Action on promissory note. Judgment for plaintiffs against defendants Hargis and in favor of defendant Taylor. *Affirmed.*

G. W. Lamson, for Appellants.

"The absence of a clause by the terms of which the title or property in the goods remains in the seller until payment of the price distinguishes the instrument in controversy from a conditional sale note." (35 Cyc. 652, subd. B.)

A provision in a note that the whole shall be due either absolutely or at the option of the holder on default in the payment of any installment or in the payment of the interest does not affect its negotiability. (*Chicago Railway Equipment Co. v. Merchants' Nat. Bank,* 136 U. S. 268, 10 Sup. Ct. 999, 34 L. ed. 349; *Campbell v. Equitable Securities Co.,* 17 Colo. App. 417, 68 Pac. 788.)

To release indorser from liability there must be a change in the substance of his obligation so that he is or may be injuriously affected by it. (*Smyth v. George W. Bales & Co.,* 112 Or. 160, 37 A. L. R. 473, 228 Pac. 931.)

"Incident to this power of married women to deal with others is the capacity to be bound and estopped by their conduct and enforcement of the principle of estoppel is necessary for the protection of those with whom they deal." (*Overland Nat. Bank v. Halveston,* 33 Ida. 489, 500, 196 Pac. 217.)

F. W. Byrd, for Respondent Taylor.

It is mandatory upon one seeking to recover against an indorser to both plead and prove diligence, which the statute defines as the institution of a suit within sixty days after maturity. (C. S., sec. 6064.)

The record discloses that suit was not filed until more than two years and one month after the debt became due. This, when considered in connection with the closing provision of C. S., sec. 6064, disposes of appellant's case.

TAYLOR, J.—Plaintiffs brought this action to recover upon a promissory note made by defendants Ida Hargis and E. M. Hargis, her husband, to Robert F. Taylor, and by him assigned to the plaintiffs. The note was payable in instalments as the purchase price of certain furniture.

From a thorough examination of the record and authorities cited, we have reached the following conclusions: (1) That the instrument involved was non-negotiable; (2) That the instrument was long overdue, and over 60 days overdue, when this action was instituted, and plaintiffs, by lack of due diligence in bringing this action, released defendant Taylor from his liability as indorser; (3) That there was ample evidence to support the findings of the court; (4) That plaintiffs are not entitled to recover a judgment against the sole and separate estate of Ida Hargis; (5) That no substantial or prejudicial error was committed.

The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.

Givens, J., disqualified.

Petition for rehearing denied.